UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. C.,[1] | No. 1:26-cv-01494-KES-FJS (HC) |
| Petitioner, | A-Number: 242-314-825 |
| v. | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |
| CHRISTOPHER CHESTNUT, California City Correctional Facility; TODD LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; KRISTI NOEM, in her Official Capacity, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, in her Official Capacity, Attorney General of the United States, | (Doc. 1)<br><br>[14-DAY OBJECTION DEADLINE] |
| Respondents. | |

On February 23, 2026, Petitioner Jose R. C. filed a petition for writ of habeas corpus along with a motion for temporary restraining order. (ECF Nos. 1, 2.) On the same date, the district court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). (ECF No. 7.) On February 24, 2026, Respondents filed a response, and Petitioner filed a reply. (ECF No. 10, 11.) On February 28, 2026, the district court converted the motion for temporary restraining order into a motion for preliminary injunction. (ECF No. 12.) As Respondents had not made new legal arguments, or identified factual or legal issues that distinguished the case from the court's prior decisions noted above, the court granted the motion, ordered Petitioner's immediate release, and enjoined the government from re-detaining Petitioner unless it provided no less than seven (7) days' notice and held a pre-deprivation bond hearing before a neutral arbiter. (ECF No. 12 at 2.) The matter was referred to the magistrate judge[2] for further proceedings.

On March 2, 2026, the court issued an order directing the parties to advise within five (5) days whether they sought to provide additional briefing on the petition. (ECF No. 10.) Over five (5) days have passed, and no party has replied. The court, therefore, proceeds on the papers submitted for the temporary restraining order turned preliminary injunction. There is, to be sure, a split among the district courts as to whether 8 U.S.C. §1226 or 8 U.S.C. § 1225 applies to aliens like Petitioner here. *Compare Lepe*, 801 F. Supp. 3d at 1118, *with Alonzo v. Noem*, No. 25-cv-01519 WBS SCR, 809 F. Supp. 3d 1069, 1073-74 (E.D. Cal. 2025). Here, the district court judge assigned to this case has repeatedly embraced the former view (as have most district court judges to address the question). *See Lepe*, 801 F. Supp. 3d at 1118; *Crispin M.C.*, 2026 WL 70553, at *3-6. This court recommends that Petitioner be treated the same as similarly situated aliens whose claims the district court judge assigned to this case previously adjudicated. Thus, the court recommends granting the petition and ordering Petitioner's immediate release.

The district court also noted that Respondents' request, in the alternative, that the Court hold the case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.). The district court stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in *Bostock*. Whether the Ninth Circuit will resolve the specific question that is presented here is unknown and this court is disinclined to

---

[2] On March 23, 2026, the matter was reassigned to the undersigned. (Doc. 18.)

2

postpone resolution of this case on the grounds that the Ninth Circuit might supply controlling precedent in another case at some point in the future. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

The court's preliminary injunction restrained the government from re-detaining Petitioner without (1) first providing no less than seven (7) days' notice to him and (2) holding a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations. (ECF No. 12 at 2.) In the context of granting the preliminary injunction, this restraint furthered the aim of "preserv[ing] the *status quo ante litem* pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.3d 1197, 1200 (9th Cir. 2009), *quoted in Sierra Forest Legacy v. Rey*, 557 F.3d 1015, 1023 (9th Cir. 2009). *See also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (defining the *status quo* as "the last uncontested status which preceded the pending controversy") (internal citations and quotations omitted). Whether that provisional restraint should be incorporated in a permanent injunction warrants further analysis. A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). This court recommends against incorporating the pre-detention notice and hearing restraint recited in the preliminary injunction for two primary reasons.

- First, a prospective permanent injunction imposing a seven-day notice and hearing requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondents from re-detaining petitioner without a pre-deprivation hearing *except* when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026)

(preliminarily restraining respondents from re-detention without a pre-deprivation hearing *except* when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the court can currently anticipate all possible exceptions to a notice-and-hearing requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves to be unintentionally overbroad in future unanticipated scenarios, and consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.

- Second, requiring Respondents to individually and permanently track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel and record systems change, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship on Respondents that tips against imposition of a permanent injunction.[3]

This court is sensitive to the concern that Petitioner might be re-detained on the same grounds that this court now rejects. The court is confident Respondents will be mindful of complying with the final disposition of this petition and honoring that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED, and Respondents' request to hold proceedings in abeyance be DENIED. The court further RECOMMENDS that the seven-day notice and pre-deprivation bond

---

[3] This unbalanced hardship is amplified should other courts in the escalating number of immigration habeas petitions order varying timelines of notice.

4

hearing restraints in the preliminary injunction be DISSOLVED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within <u>fourteen (14) days</u> after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits</u>. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:    **July 1, 2026**                          _____
                                                  UNITED STATES MAGISTRATE JUDGE